In Re: R. Francis Diprete                                                    BK # 19-11151

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In Re:  R. Francis Diprete                                    BK # 19-11151

Debtors                                                       Chapter 13


WILMINGTON SAVINGS FUND SOCIETY FSB'S
OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN

Wilmington Savings Fund Society FSB dba Christiana Trust, not individually but

as Trustee for Pretium Mortgage Acquisition Trust (hereinafter referred to as

"Wilmington Savings"), by its counsel, Lynda Laing, Esq., hereby objects to

Confirmation of the debtor's Chapter 13 Plan dated August 9, 2019, and states the

following grounds that:

1.  That on July 23, 2019, the debtor, above-named, filed a voluntary petition in

bankruptcy under Title 11, Chapter 13, U.S.C., United States Bankruptcy Court for the

District of Rhode Island.

2.  The Court has jurisdiction to entertain this objection under 28 U.S.C., §157.

3.  Objectant, Wilmington Savings, is the holder of a properly perfected first-in-

right purchase money security interest in the real property located at 255 Ide Road,

Scituate, Rhode Island.

4.  Wilmington Savings hereby objects to debtor's Plan upon the grounds that the

debtor is required by 11 U.S.C. §1326(a)(1)(C) to commence making payments no later

than 30 days after the date of filing in the amount that provides adequate protection

directly to Wilmington Savings.  Debtor's Plan fails to provide for required adequate

protection.  Wilmington Savings asserts that the amount of such payment must be

sufficient to provide Wilmington Savings's claim adequate protection during the period

In Re: R. Francis Diprete                                                    BK # 19-11151

of the plan as required by 11 U.S.C. §1325(a)(5)(B)(iii)(II) and 11 U.S.C. §1326(a)(1)(C).   Wilmington Savings asserts that the adequate protection payments should equal a minimum of 1.5% of the value of the property.

5.   Wilmington Savings hereby objects to the debtor's Plan on the grounds that the Plain fails to provide for periodic payments in equal monthly amounts as required by 11 U.S.C. §1325(a)(5)(B)(iii)(I).

6.   The plan exceeds 60 months.

7.   The plan is not feasible.

6.   No prior application for the relief requested herein has been made.

WHEREFORE, Wilmington Savings respectfully requests that the Court deny the Court deny confirmation of the debtors' Chapter 13 Plan for the reasons hereinabove set forth unless modified to reflect the proper valuation of the vehicle as detailed above, an interest rate consistent with the Supreme Court's ruling and for such other and further relief as to the Court may seem just and proper.

In Re: R. Francis Diprete                                                   BK # 19-11151

Wilmington Savings,
By their attorneys,
STRAUSS, FACTOR, LAING
 & LYONS

  /s/ Lynda Laing
Lynda L. Laing #3082
One Davol Square, Ste. 305
Providence, RI 02903
Tel No.: (401) 456-0700
Fax No.: (401) 421-4730

Dated: September 9, 2019

## CERTIFICATION

I hereby certify that on September 11, 2019, I electronically filed the Objection with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System.  The following participants have received notice electronically; Office of the US Trustee, John Boyajian, Esquire and Bernard Lemos, Esquire.

   /s/ Lynn Morrison
Lynn Morrison
